UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 6:13-cr-67-Orl-36DAB

DANIEL HEFFIELD

**PLEA AGREEMENT**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, DANIEL HEFFIELD, and the attorney for the defendant, James T. Skuthan, mutually agree as follows:

A. **Particularized Terms**

1. Count(s) Pleading To

The defendant shall enter a plea of guilty to Counts Two and Nine of the Superseding Indictment. Count Two charges the defendant with sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e). Count Nine charges the defendant with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).

2. Minimum and Maximum Penalties

Count Two is punishable by a mandatory minimum term of imprisonment of 15 years up to a maximum term of imprisonment of 30 years, a fine of $250,000, a term of supervised release of at least 5 years to life, and a

Defendant's Initials DJH                              AF Approval BW

special assessment of $100 per felony count. Count Nine is punishable by a maximum term of imprisonment of 10 years, a fine of $250,000, a term of supervised release of at least 5 years to life, and a special assessment of $100 per felony count. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. <u>Elements of the Offense(s)</u>

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Two are:

<u>First</u>: That the defendant used a minor to engage in sexually explicit conduct;

<u>Second</u>: That the defendant did so for the purpose of producing visual images of such conduct;

<u>Third</u>: That the defendant knew or had reason to know that the visual depictions would be mailed or transported in interstate commerce or that the visual depictions were mailed or actually transported in interstate or foreign commerce or that the visual depictions were produced using materials that were transported in interstate or foreign commerce.

The elements of Count Nine are:

<u>First</u>: the defendant knowingly possessed an item of child pornography;

Defendant's Initials DJH

2

    Second:    the items of child pornography had been transported in interstate commerce including by computer; and

    Third:    when the defendant possessed the items, the defendant believed the items contained child pornography.

4. **Counts Dismissed**

At the time of sentencing, the remaining counts against the defendant, Counts One, Three, Four, Five, Six, Seven, and Eight, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A).

5. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. **Mandatory Restitution to Victim of Offense of Conviction**

Pursuant to 18 U.S.C. §§ 3663A(a) and 2259, defendant agrees to make full restitution to the identified victims in this case.

7. **Low End**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a

Defendant's Initials DJH      3

sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

8. <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of

Defendant's Initials  JH            4

Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9. Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following: a Western Digital external hard drive, serial # CAUU4A053273, an Apple Mac Book laptop computer, serial # 090404FBEE00YKH2PX3F and internal hard drive, an Apple I-Mac computer, serial # YM1392XRLRG and internal hard drive, and a Kodak camera, which assets were used in the commission of the offenses as described in Counts Two and Nine.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging

Defendant's Initials DJH                5

instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1)(A), the United States and the defendant request that promptly after accepting this Plea Agreement, the Court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and

Defendant's Initials DJH

6

U.S.S.G. § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of his cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Defendant's Initials  DJH                              7

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

10. Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the

Defendant's Initials DJH                8

defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**B.    Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 2259. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $100.00, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

Defendant's Initials DJH      9

2. <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

4. <u>Financial Disclosures</u>

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that

Defendant's Initials  DJH          10

his/her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he/she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

5. <u>Sentencing Recommendations</u>

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence

Defendant's Initials DJH   11

report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

     6.    <u>Defendant's Waiver of Right to Appeal the Sentence</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the

Defendant's Initials  DJH          12

sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

7. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

8. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

9. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or

Defendant's Initials DJH      13

coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

Defendant's Initials DJH

14

10.  Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

## FACTS

On or about May 1, 2012, a Portland, Maine HSI Special Agent (SA) was conducting investigations into the sharing of child pornography on the Ares Peer-to-Peer (P2P) file sharing network. The SA located a computer, with IP address 74.78.160.253, which was online sharing files of child pornography. The SA identified the IP Address as belonging to an individual in Maine. On July 19, 2012 HSI Portland, Maine Special Agents executed a federal search warrant at 17 Madison Way, Camden, Maine 04843, and subsequently found images and videos of child pornography on the target's computer. These files were later submitted to the National Center for Missing and Exploited Children (NCMEC) to determine if any of the children featured in the files were known victims of child abuse and child pornography. On February 15, 2013, the SA received information from NCMEC regarding one of the aforementioned videos previously submitted to NCMEC as a result of the Maine case. This video was found on the Maine defendant's electronic devices. NCMEC representatives stated that the video file "S12 ... .avi" had not been seen by NCMEC previously and the child

Defendant's Initials DJH            15

depicted in the video had not been identified by law enforcement. The video in question showed a prepubescent girl using a toilet and appeared to have been recorded surreptitiously. At two different points in the movie, a clear display of the prepubescent girl's vagina was visible. Further investigation revealed that the shirt the girl was wearing beared the crest of a private school in Orlando, Florida.

Subsequently, HSI agents in Orlando identified the school and the child and learned that the child took piano lessons from Heffield's mother. The child's parents identified the bathroom in the video as the Heffield's bathroom.

On or about March 27, 2013, the HSI agent learned that on November 19, 2012, agents with the Federal Bureau of Investigation executed a federal search warrant at Heffield's home.

During the execution of the search warrant, agents interviewed Daniel Heffield. Daniel Heffield admitted to transporting, receiving and possessing child pornography. Heffield stated that he had been looking at child pornography since he was 16 years old, and that he uploaded child pornography to a newsgroup using the screen name Wimble Don, and email address Don.Smith@FBI.gov. He said that he taught others how to download and upload child pornography and that he used the internet to post child pornography to newsgroups because it was an easier and faster way for others to obtain child

Defendant's Initials DJH              16

pornography. He had been in counseling for pornography since 2008, and had admitted to his counselor that he was viewing images of child pornography.

Heffield said that he uploaded child pornography to newsgroups and then deleted it from his computer to hide it from his parents. Heffield said that he obtained his child pornography from the Internet and file-sharing programs. He also uploaded child pornography to drop box. Agents located the text of one of Heffield's posts that stated, "As I said, I won't be able to access any more for future posts any time soon. Sorry. Wish I could. Getting too risky on my end though. Outside issues. Don."

An FBI agent located several of Heffield's posts of child pornography to a newsgroup during the period August through September 2012. Heffield posted the images and videos in compressed RAR files, which contained thousands of images. The agent also located several text posts containing messages and responses to and from other users in the newsgroup commenting on the child pornography. Many of the images that Heffield posted depicted the sexual abuse and exploitation of prepubescent girls.

The agents seized several electronic storage devices from the residence, including an Apple I-Mac computer, an Apple Mac Book laptop computer and a Western Digital external hard drive. A computer forensic examiner located over 1300 images of child pornography on these devices, including images showing

Defendant's Initials DJH              17

the sexual abuse and exploitation of prepubescent girls. Some of these images depicted prepubescent girls using the toilet, and showed their naked genitalia.

On April 2, 2013, agents reviewed the search warrant photographs of the bathroom at Heffield's home and determined that it was the bathroom where the child had been videotaped.

On April 3, 2013, Heffield was indicted for transportation and possession of child pornography and on April 4, 2013, agents executed both the arrest warrant and another search warrant at Heffield's home. Agents read Heffield his <u>Miranda</u> rights and he waived his rights and agreed to an interview with the agents. Heffield admitted to making videos of girls using the restroom at his home and posting them to a newsgroup. He said that he made the videos over a two or three week period in the Spring of 2012, most likely in March. The children in the videos ranged from ages 4 to 18 years old and were all girls. Heffield said that the children were in his home to take piano lessons from his mother. Heffield said that he made 25 to 30 videos but he only posted nine because he felt these videos had the best shots of the girls' vaginas. Heffield produced the Kodak camera, which was not manufactured in Florida, that he used to make the videos and demonstrated how he hid the camera in the bathroom. He built a device to hold the camera in the drawer in order to get the best recording of the child's naked vagina. He explained that he placed the camera in the drawer when his mother had a piano student in the house whom

Defendant's Initials DJH          18

he wanted to see naked. He then checked the camera after the child left to determine whether or not to upload it to the Internet. He masturbated while watching the videos and was excited about producing new child pornography and to make it available for others to enjoy. Heffield gave the agents his password and keyword to the account on the Internet in order to obtain the videos.

Heffield also stated that after the FBI agents executed the search warrant in November 2012, he continued to look at child pornography on the computer at his church. He also admitted that in 2005 he stayed with a family and used their computer to look at child pornography.

The video charged in Count Two is of a young girl who is 6 years old at the time Heffield recorded the video. The child is wearing her school uniform and the logo from her school is visible. However, her face is only partially visible as this was not the focal point of the video. In the video, her vagina is prominently displayed and is the focal point of the video as she sits down and stands up after using the toilet. This is the video that was recovered from the Maine defendant's computer in May 2012.

11. <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea

Defendant's Initials  DJH

19

and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

12.  Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 29th day of August, 2013.

_____  
DANIEL HEFFIELD  
Defendant

_____  
James T. Skuthan, Esq.  
Attorney for Defendant

A. Lee Bentley, III  
Acting United States Attorney

By: _____  
Karen L. Gable  
Assistant United States Attorney

_____  
W. Stephen Muldrow  
First Assistant United States Attorney

20