```
 1                   UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
 2                         ORLANDO DIVISION

 3                     Docket No. 6:13-CR-67

 4   . . . . . . . . . . . . . .
     UNITED STATES OF AMERICA     :
 5                                :            Orlando, Florida
                Plaintiff         :            August 29, 2013
 6                                :            2:36 p.m.
                     v.           :
 7                                :
     DANIEL HEFFIELD              :
 8                                :
                Defendant         :
 9   . . . . . . . . . . . . . .

10

11                  TRANSCRIPT OF CHANGE OF PLEA
               BEFORE THE HONORABLE DAVID A. BAKER
12                 UNITED STATES MAGISTRATE JUDGE

13

14   APPEARANCES:

15

16   For the Plaintiff:  Karen L. Gable

17

18   For the Defendant:  James T. Skuthan

19

20

21

22   Court Reporter:    Amie R. First, RPR, CRR
                        AmieFirst.CourtReporter@gmail.com
23

24   Proceedings recorded by FTR Gold Digital Recording.

25   Transcript produced by Computer-Aided Transcription.
```

```
 1                   P R O C E E D I N G S

 2          THE DEPUTY CLERK:  The case number is

 3   6:13-CR-67-ORL-36DAB, the United States of America versus

 4   Daniel Heffield.

 5          Counsel, please state your appearances for the

 6   record.

 7          MS. GABLE:  Good afternoon, Your Honor.  Karen

 8   Gable on behalf of the United States.

 9          MR. SKUTHAN:  Good afternoon.  James Skuthan on

10   behalf of Mr. Heffield, who is present and seated to my

11   left.

12          THE COURT:  I've been advised the defendant wishes

13   to make a change of plea to certain counts in the

14   superseding indictment with a plea agreement; is that

15   correct?

16          MR. SKUTHAN:  That's correct.

17          THE COURT:  Mr. Heffield, let me make sure you

18   understand the nature of this proceeding.  I am not the

19   district judge in this case.  I'm the magistrate judge.  It

20   is the district judge who will be entering judgment, and if

21   there's a conviction, will be doing the sentence.

22          You have a right to have your plea taken by the

23   district judge, but you signed a waiver indicating that you

24   want to proceed this afternoon in front of me for purposes

25   of your plea understanding it is the district judge who
```

```
 1    will be entering judgment; is that correct?

 2              THE DEFENDANT:  That's correct.

 3              THE COURT:  The clerk will administer an oath.

 4              THE DEPUTY CLERK:  Please raise your right hand.

 5              (Defendant sworn.)

 6              THE DEFENDANT:  I do.

 7              THE DEPUTY CLERK:  Please be seated.

 8              THE COURT:  Mr. Heffield, in order for you to

 9    enter a plea of guilty, it will be necessary for you to

10    answer questions under oath on the record in the presence

11    of your attorney.

12              Any statements that you make about the charges

13    that are not completely truthful could be used against you

14    later in a prosecution for perjury or false statement.

15              If at any time you want to speak privately to your

16    attorney, let me know that.  We'll take a break and let you

17    confer.

18              If there's anything that I say or that the

19    attorneys say that you don't understand either because you

20    can't hear us or we're using words or concepts you don't

21    understand, let me know that.  We'll repeat it or explain

22    it to you or let you confer with your attorney.

23              How old are you, Mr. Heffield?

24              THE DEFENDANT:  Thirty.

25              THE COURT:  How far did you go in school?
```

```
 1            THE DEFENDANT:  Some college.

 2            THE COURT:  Where was that?

 3            THE DEFENDANT:  Valencia Community College.

 4            THE COURT:  Here in Central Florida?

 5            THE DEFENDANT:  Correct.

 6            THE COURT:  Are you able to read and write in

 7   English?

 8            THE DEFENDANT:  Yes.

 9            THE COURT:  And you're a United States citizen?

10            THE DEFENDANT:  Yes.

11            THE COURT:  What kind of jobs have you had?

12            THE DEFENDANT:  Quite a variety.  My last job was

13   my own business of power washing.  I've worked for food

14   service.  I've worked for construction companies.  I've

15   worked for printing company.

16            THE COURT:  How's your health?

17            THE DEFENDANT:  It's okay.

18            THE COURT:  Have you ever been under the care of a

19   psychologist or psychiatrist?

20            THE DEFENDANT:  Yes.

21            Is that correct?

22            Yes.

23            THE COURT:  Tell me about that.

24            MR. SKUTHAN:  If I could have a moment.

25            THE DEFENDANT:  I'm getting counseling for various
```

```
1    issues.

2            THE COURT:  Currently?

3            THE DEFENDANT:  Well, not in jail, but up until

4    being arrested, yes.

5            THE COURT:  From a psychologist, psychiatrist, or

6    both?

7            THE DEFENDANT:  Psychologist, I guess.

8            THE COURT:  Did you get any kind of diagnosis from

9    the psychologist?

10           THE DEFENDANT:  I was diagnosed with ADD.

11           THE COURT:  Were you given any medication?

12           THE DEFENDANT:  Yes.

13           THE COURT:  What did they give you?

14           THE DEFENDANT:  Adderall.

15           THE COURT:  Are you still taking the Adderall?

16           THE DEFENDANT:  I haven't been able to get that in

17   jail.  They refuse that.

18           THE COURT:  What symptoms were you having that

19   caused you to need to see the psychologist?

20           THE DEFENDANT:  I don't remember.  Like family

21   psychology stuff, symptoms.

22           THE COURT:  Well, were you having trouble taking

23   care of yourself, or was it just issues about emotional

24   problems?

25               THE DEFENDANT:  You mean the ADD stuff?
```

1           THE COURT:  Well, anything really.  The reason I'm

2    asking these questions is I need to make a determination as

3    to whether you're able to make good decisions for yourself.

4           THE DEFENDANT:  Uh-huh.

5           THE COURT:  And that -- so that you're competent

6    to proceed.  And so that's what I'm trying to explore here.

7           THE DEFENDANT:  Okay.

8           THE COURT:  Was there anything about your seeking

9    mental health care that was related to not being able to

10   take care of yourself?

11          THE DEFENDANT:  Not that I can think of, no.

12          THE COURT:  Has anybody ever questioned or

13   challenged your mental competency?

14          THE DEFENDANT:  Not that I know of, no.

15          THE COURT:  Have you suffered from mental or

16   emotional instability?

17          THE DEFENDANT:  No.

18          THE COURT:  Have you ever been addicted to drugs

19   or alcohol or medication of any kind?

20          THE DEFENDANT:  No.

21          THE COURT:  Have you taken any drugs, alcohol, or

22   medication in the past 48 hours?

23          THE DEFENDANT:  No.

24          THE COURT:  Are you under the influence of

25   anything today that might interfere with your ability to

1    think or to concentrate?

2            THE DEFENDANT:  No.

3            THE COURT:  Do you understand what's happening

4    today?  Are you clear minded?

5            THE DEFENDANT:  I do.

6            THE COURT:  Have you had any trouble understanding

7    me?

8            THE DEFENDANT:  No.

9            THE COURT:  Now, have you read the superseding

10   indictment that sets forth the charges against you?

11           THE DEFENDANT:  Yes.

12           THE COURT:  Now, count two, you're charged with

13   sexual exploitation of a minor.

14           What the Government would be required to prove in

15   order for you to be found guilty of that particular charge

16   is that you did use a minor to engage in sexually explicit

17   conduct for the purpose of creating visual images and that

18   you knew or had reason to know that the -- those images

19   would be transported in interstate or foreign commerce,

20   including over the Internet.

21           Count nine charges you with knowing possession of

22   child pornography.

23           And what the Government would be required to prove

24   there is that you did have possession of images of child

25   pornography, that you believe they were child pornography,

1    and that they had traveled in interstate commerce.

2            Do you understand the charges against you?

3            THE DEFENDANT:  I do.

4            THE COURT:  Do you wish a formal reading out loud

5    of the superseding indictment, or do you waive that?

6            THE DEFENDANT:  I waive that.

7            THE COURT:  Have you gone over the superseding

8    indictment in the case with your attorney?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Have you had enough time to discuss

11   the matter with your attorney?

12           THE DEFENDANT:  I believe so.

13           THE COURT:  Are you satisfied with the services

14   you've received from your attorney in this case?

15           THE DEFENDANT:  I believe so.

16           THE COURT:  Does either attorney have any question

17   as to the defendant's competency to proceed with the plea?

18           MS. GABLE:  No, Your Honor.

19           MR. SKUTHAN:  No, Your Honor.

20           THE COURT:  Mr. Heffield, I find that you're

21   competent to enter a plea of guilty to these charges, if

22   that's what you wish to do.

23           Do you understand you're not required to plead

24   guilty here?  You have a right to maintain a plea of not

25   guilty and to go to trial on these charges?

1        THE DEFENDANT:  I do understand that.

2        THE COURT:  Has anybody done anything that you

3   consider to be wrong or unfair to get you to plead guilty

4   to these charges?

5        THE DEFENDANT:  No.

6        THE COURT:  Has there been any threats or coercion

7   or improper pressure of any kind placed on you to get you

8   to plead guilty?

9        THE DEFENDANT:  No.

10       THE COURT:  Do you want to plead guilty to these

11   charges because you are guilty, or is there some other

12   reason that you want to plead guilty?

13       THE DEFENDANT:  Yes.  I mean, it's because I am

14   guilty.

15       THE COURT:  May I ask the clerk to show you and

16   the attorneys what's been presented to the Court as a plea

17   agreement.

18        I want you to look at it and, if it's correct, to

19   acknowledge it as your plea agreement.

20       THE DEFENDANT:  Okay.

21       THE COURT:  Mr. Heffield, is this your plea

22   agreement?

23       THE DEFENDANT:  Yes.

24       THE COURT:  Did you initial it on each page and

25   sign it at the end?

1           THE DEFENDANT:  I did.

2           THE COURT:  Mr. Skuthan, is this the plea

3      agreement of your client in this case?

4           MR. SKUTHAN:  Yes, Your Honor.

5           THE COURT:  And did you sign it at the end as his

6      attorney?

7           MR. SKUTHAN:  Yes, I did.

8           THE COURT:  Miss Gable, is this the plea agreement

9      of the Government in this case?

10          MS. GABLE:  Yes, it is, Your Honor.

11          THE COURT:  Has it been signed and initialed by

12     appropriate and authorized representatives of your office?

13          MS. GABLE:  Yes.

14          THE COURT:  Can you confirm the document, the

15     original of which is in front of us, is the same one that

16     you caused to be filed with the Court's electronic filing

17     system?

18          MS. GABLE:  It is, Your Honor.

19          THE COURT:  Thank you.

20          Mr. Heffield, did you authorize your attorney to

21     have discussions with the Government so you could come up

22     with a plea agreement?

23          THE DEFENDANT:  Yes.

24          THE COURT:  Well, in other words --

25          THE DEFENDANT:  I don't understand the question, I

1    guess.

2          THE COURT:  Well, the plea agreement doesn't just

3    come into existence by itself.

4          THE DEFENDANT:  Right.

5          THE COURT:  The attorneys have to talk about it.

6          Did you authorize your attorney to talk to the

7    Government so that you could get a plea agreement?

8          THE DEFENDANT:  I don't know that the question

9    ever came up.

10          THE COURT:  Well, did he -- the work he was doing

11   for you in that regard was with your permission and

12   direction?

13          THE DEFENDANT:  Yes.

14          THE COURT:  All right.  Did you read every word of

15   this plea agreement from the very beginning to the very end

16   before you signed it?

17          THE DEFENDANT:  Yes, I did.

18          THE COURT:  Did you discuss it with your attorney

19   before you signed it?

20          THE DEFENDANT:  Yes, I did.

21          THE COURT:  Do you understand the plea agreement?

22          THE DEFENDANT:  I do.

23          THE COURT:  We're going to talk about some parts

24   of it.  The essence of this plea agreement is that you are

25   agreeing to plead guilty to counts two and nine, as we

 1   discussed.

 2          The Government, for its part, is agreeing to

 3   dismiss the other charges against you that are in the

 4   superseding indictment and not to bring any other charges

 5   against you related to the conduct that's charged here.

 6          Now, that binds the United States Attorney's

 7   Office for this district, but it doesn't bind any other

 8   prosecuting authority that might have the power to bring

 9   charges against you.

10          Do you understand that?

11          THE DEFENDANT:  I understand that.

12          THE COURT:  The Government is also agreeing to

13   make recommendations or take certain positions with respect

14   to your potential sentence in the case.

15          I want you to understand the Government is bound

16   to follow its promises, but the district judge who will be

17   doing the sentencing is not bound to follow promises or

18   recommendations or arguments from the U.S. Attorney or from

19   your attorney.

20          And if you end up with a sentence that's longer or

21   harsher than you're hoping for or than the attorneys may

22   have talked to you about, you're still going to be bound by

23   your plea.  You won't be able to withdraw it.

24          Do you understand that?

25          THE DEFENDANT:  I understand that.

```
 1            THE COURT:  Now, in your plea agreement, there's a

 2   statement of the facts of your case.  It starts on page 15,

 3   carries over to most of page 19.

 4            Have you read that statement of facts?

 5            THE DEFENDANT:  Yes.

 6            THE COURT:  Is that statement of facts true and

 7   correct?

 8            THE DEFENDANT:  Yes, it is.

 9            THE COURT:  Now, you and the Government have

10   agreed that those are the facts of the case, but it may be

11   that by the time the case comes up for sentencing there

12   will be other or different facts that are part of the

13   record.  If so, the district judge isn't going to be bound

14   or limited to the facts that are set forth here.

15            Do you understand that?

16            THE DEFENDANT:  I understand that.

17            THE COURT:  The reason we're talking about

18   sentencing this way is that you're not going to be

19   sentenced today, even if the district judge were here and

20   presiding.  Instead, sentencing will be scheduled in about

21   75 days.

22            In the meantime, there will be a probation officer

23   assigned to do a background investigation about you and

24   about the charges.

25            There will be a report prepared.  You'll get a
```

1    copy.  So will the attorneys.  You'll be able to review it

2    with your attorney.

3         If there is any part of that report that you think

4    is wrong, that you disagree with, with the help of your

5    attorney, you'll be able to raise objections.  It might be

6    necessary for the district judge to hold a hearing to

7    resolve those objections.

8         There will, in any event, be a final sentencing

9    hearing.  And at that time, you and the attorneys will have

10   a chance to address the Court.  And it's only at that time

11   that you're going to know what your actual sentence will

12   be.

13        Do you understand that process?

14        THE DEFENDANT:  I understand that.

15        THE COURT:  Now, under your plea agreement, once

16   you're sentenced by the district judge, for most purposes,

17   you're giving up any right to challenge or appeal that

18   sentence.  There are certain exceptions to that.

19        If the Government were to appeal, which it has the

20   right to do, then you could appeal.

21        If the sentence were above the statutory maximum

22   or in violation of the Eighth Amendment to the Constitution

23   or an upward departure from the guideline range that the

24   district judge determines applies to you, you can challenge

25   those things.

1        But, otherwise, you're going to be bound by what

2   the district judge does.  You won't be able to challenge it

3   on an appeal or any other kind of attack.

4        Do you understand that?

5        THE DEFENDANT:  I understand that.

6        THE COURT:  Now, this plea agreement we've been

7   talking about, does it contain all the promises you've made

8   to the Government and all the promises the Government has

9   made to you about this case?

10       THE DEFENDANT:  Yes.

11       THE COURT:  Is there anything else, orally or in

12  writing, any kind of representations, understandings,

13  inducements, promises of any kind that you're relying on as

14  a part of your decision to plead guilty that's not in your

15  plea agreement?

16       THE DEFENDANT:  No.

17       THE COURT:  I'll advise you now as to the maximum

18  penalties that you're facing.  This is not your actual

19  sentence but the most that could be imposed.

20       Count two carries a potential sentence, mandatory

21  minimum sentence, of 15 years and up to 30 years in prison;

22  a fine of $250,000.  You'd be subject to a term of

23  supervised release of at least five years and up to life.

24       Count nine carries a maximum term of ten years in

25  prison, a fine of $250,000, same length of supervised

1    release.

2         And on each of those two counts, you'd be ordered

3    to pay $100 due at the time of sentencing.

4         In addition, the property that's identified as

5    being associated with the conduct here is subject to

6    forfeiture.

7         And you'd be ordered to make restitution to any

8    identifiable victims in the case.

9         Now, your actual sentence within those maximums

10   will be determined by the district judge using the

11   procedure that we've talked about.  As a part of that, the

12   district judge will make determinations as to how the

13   sentencing guidelines and statutes apply to you and your

14   case.

15        The district judge will decide whether to use the

16   guidelines, depart from them, or use some other basis to

17   determine what your sentence should be.

18        The district judge will take into account your

19   actual conduct here, the victims of your offense, your

20   role, any obstruction of justice that's occurred, your

21   acceptance of responsibility, your criminal history, if you

22   have any, the number of images involved, other aspects as

23   well.

24        All of those things and more will be considered by

25   the district judge.

1          Do you understand that?

2          THE DEFENDANT:  I understand that.

3          THE COURT:  And, again, I tell you because the

4    district judge needs to follow that process and make

5    findings, apply judgment and discretion.  You won't know

6    today what your sentence will be.  If it's worse for you

7    than you're hoping for, you're still bound by your plea.

8          THE DEFENDANT:  I understand that.

9          THE COURT:  Do you understand that parole has been

10   abolished?  If you're sentenced to a term of imprisonment,

11   you're going to be serving all or almost all of that time.

12          THE DEFENDANT:  I understand that.

13          THE COURT:  Supervised release is a period of time

14   that would follow imprisonment.  During that time, you'd be

15   under the supervision of a probation officer subject to a

16   great many conditions, including a registration requirement

17   that would continue.

18          And if you were to violate any of the conditions,

19   you could be sent back to prison.

20          Do you understand that?

21          THE DEFENDANT:  I understand that.

22          THE COURT:  Do you understand that if you have

23   some income or assets, if you do have the ability to pay,

24   the Court can assess against you and require that you pay

25   or contribute to the cost of your supervision, the cost of

1    your imprisonment?

2              THE DEFENDANT:  I understand that.

3              THE COURT:  Do you understand your sentence can

4    include a requirement that you perform community service?

5              THE DEFENDANT:  Yes.

6              THE COURT:  Are there any other possible penalties

7    that should be explained to the defendant?

8              MS. GABLE:  No, Your Honor.

9              MR. SKUTHAN:  No, Your Honor.

10             THE COURT:  Mr. Heffield, do you understand the

11   sentencing process and the possible penalties you're

12   facing?

13             THE DEFENDANT:  Yes, I do.

14             THE COURT:  Any questions?

15             THE DEFENDANT:  No.

16             THE COURT:  I'll advise you as to your rights.

17             On the charges in the superseding indictment, you

18   do have the right to a trial by a jury of 12 persons.  At

19   that trial, you would be presumed innocent.  Before you

20   could be found guilty, the Government would be required to

21   prove that you were guilty by competent evidence and beyond

22   a reasonable doubt.  You would not have to prove that you

23   were innocent.

24             In the course of the trial, you'd have the right

25   to confront the witnesses who testify against you.  Through

1    your attorney, you have the right to cross-examine those

2    witnesses and seek to exclude any testimony or evidence he

3    believes is improper.

4            You have the right to compulsory process,

5    subpoenas to require witnesses and evidence, have them

6    brought to court and have them presented on your behalf.

7            At the trial, you'd have a right to testify on

8    your own behalf, if you wish.  You also have the right not

9    to testify.

10           If you make that choice not to testify, there

11   could be no suggestion or inference of your guilt from the

12   fact that you've chosen not to testify.  In other words,

13   you have a privilege against self-incrimination.

14           Now, if you plead guilty and I accept your plea,

15   do you understand you're waiving your right to trial, the

16   other rights I've just mentioned?

17           There will be no trial.  You're giving up any

18   possible defenses that you may have to these charges.

19   You're going to be found guilty and subject to sentencing

20   without further proceedings.

21           Do you understand that?

22           THE DEFENDANT:  I understand that.

23           THE COURT:  By pleading guilty, do you understand

24   you're waiving your right not to incriminate yourself?

25   Because in just a moment, I'm going to ask you to explain

```
 1    to me what you did so that I can be satisfied there's a

 2    basis for these charges.

 3              THE DEFENDANT:  I understand that.

 4              THE COURT:  By pleading guilty and waiving your

 5    right to trial, you're also giving up any right to

 6    challenge the finding of guilt; not just the sentencing

 7    issues we talked about; but on the finding of guilt, you're

 8    going to be bound by that.  You won't be able to challenge

 9    it on appeal or any kind of collateral attack, habeas

10    corpus, or otherwise.

11              Do you understand?

12              THE DEFENDANT:  I understand.

13              THE COURT:  It's a felony charge.  Upon

14    conviction, you'll be losing your civil rights, including

15    the right to vote, keep and bear firearms, to hold public

16    office, and to serve on a jury.

17              You may find it more difficult to find employment

18    or certification for employment.

19              Let me remind you that you do have the right to

20    the assistance of counsel throughout the case.  And that

21    doesn't change.  Whether you plead guilty or not, you'll

22    have an attorney to represent you.

23              All right.  Mr. Heffield, tell me now in your own

24    words what you understand to be the charges against you and

25    tell me what it is that you did.
```

1          THE DEFENDANT:  I believe my charges are

2    possession of child pornography and production of child

3    pornography.

4          I didn't realize at the time when I was producing

5    the videos they are considered to be child pornography.  I

6    didn't think of them as child pornography at that point.

7          But upon further review of case law from my

8    attorneys, they have thoroughly shown to me that it's been

9    shown that what I made in the videos is considered to be

10   child pornography.

11         THE COURT:  All right.  Tell me what it is that

12   you did.

13         THE DEFENDANT:  I placed a video camera in a

14   bathroom and recorded people using the restroom.

15         THE COURT:  And these were young girls?

16         THE DEFENDANT:  It was a variety of women, yes,

17   young girls.

18         THE COURT:  And that was for the purpose of

19   creating videos, including having them with their clothes

20   off?

21         THE DEFENDANT:  Well, yeah.  They're using the

22   restroom, yes.

23         THE COURT:  And when and where did this happen?

24         THE DEFENDANT:  My parents' home.

25         THE COURT:  And where is that?  What city?

```
 1              THE DEFENDANT:  Orlando, Florida.

 2              THE COURT:  And what time period are we talking

 3      about?

 4              THE DEFENDANT:  About a month's period.

 5              THE COURT:  What time?  When was it?

 6              THE DEFENDANT:  Oh.  About March of last year.

 7              THE COURT:  2012?

 8              THE DEFENDANT:  Correct.

 9              THE COURT:  And what did you do with the images?

10              THE DEFENDANT:  I edited them so they were just

11      single videos.  And then I uploaded them to the Internet,

12      to a news group.

13              THE COURT:  And you know they were transmitted

14      elsewhere by use of the Internet?

15              THE DEFENDANT:  Yes.

16              THE COURT:  Miss Gable, is the Government relying

17      on the statement of facts as part of the plea agreement as

18      the matters the Government could prove beyond a reasonable

19      doubt were this case to go to trial?

20              MS. GABLE:  Yes, Your Honor, it is.

21              THE COURT:  Mr. Heffield, I asked before, but I'll

22      ask again.  That statement of facts in your plea agreement

23      is true and correct?

24              THE DEFENDANT:  That's correct.

25              THE COURT:  We've had a lengthy discussion as to
```

1    what effect a plea of guilty would have on you and on your

2    rights.

3             Having heard that, is it still your desire to

4    plead guilty to these two charges?

5             THE DEFENDANT:  Yes.

6             THE COURT:  Is there anything else that you want

7    to tell me or ask me that has any bearing on your decision

8    to plead guilty that we haven't already covered?

9             THE DEFENDANT:  No.

10            THE COURT:  Do you want to make any additions or

11   changes to any statements or answers you've already given?

12            THE DEFENDANT:  No.

13            THE COURT:  Do you want to have any further

14   discussion with your attorney before I ask you to enter

15   your plea?

16            THE DEFENDANT:  No.

17            THE COURT:  Have you had any trouble understanding

18   me or the attorneys at any time during this hearing?

19            THE DEFENDANT:  I have not.

20            THE COURT:  Mr. Heffield, how do you plead to

21   counts two and nine of the superseding indictment in Case

22   Number 13-Criminal-67?

23            THE DEFENDANT:  I plead guilty.

24            THE COURT:  Are you freely and voluntarily

25   entering this plea of guilty?

1          THE DEFENDANT:  Yes.

2          THE COURT:  I determine that your plea of guilty

3    has been made knowingly, intelligently, and voluntarily and

4    not the result of force or of threats or of promises except

5    for the matters set forth in the plea agreement.

6          I also find there's an independent factual basis

7    for each essential element of the crimes as charged.  I'll

8    direct the probation office to undertake an investigation,

9    prepare a report for the district judge's use.

10          The case will be scheduled for sentencing in about

11    75 days.

12          If there are any pending motions, they'll be

13    denied as moot.

14          Anything else to take up in this case at this

15    time?

16          MS. GABLE:  No, Your Honor.  Thank you.

17          MR. SKUTHAN:  No, Your Honor.  Thank you.

18          THE COURT:  We're in recess.

19          (Proceedings adjourned at 2:57 p.m.)

20

21

22

23

24

25

1                     C E R T I F I C A T E

2

3           I certify that the foregoing is a correct

4   transcript from the record of proceedings in the

5   above-entitled matter.

6

7   s\Amie R. First, RPR, CRR

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25